**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JONIBEK FAYZIEV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2245-J** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jonibek Fayziev, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 3. The Government responded, Doc. 7, and Petitioner replied. Doc. 8. So the matter is at issue.

For the reasons below, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

## I. Factual background and Petitioner's claims.

Petitioner is a citizen of Uzbekistan who entered the United States without inspection in 2023. Doc. 7, at 2. The Department of Homeland Security (DHS) placed Petitioner in removal proceedings. *Id.* DHS served him with a notice to appear and released him on his own recognizance. *Id.*

On June 19, 2026, Oklahoma state law enforcement encountered Petitioner during a traffic stop, arrested him based on his status, and transferred him to custody of Immigration and Customs Enforcement (ICE). *Id.* On July 9, 2026, he received a bond hearing before an Immigration Judge (IJ). *Id.* The IJ denied bond, concluding Petitioner "did not establish not a flight risk." *Id.* & Ex. 4, at 1.

On August 11, 2026, an IJ denied Petitioner's applications for asylum relief, withholding of removal, withholding of removal under the Convention Against Torture, and deferral of removal under the Convention Against Torture. Doc. 7, at 3 & Ex. 5. Petitioner's appeal remains pending.[3]

Petitioner alleges a violation of the Due Process Clauses of the Fifth and Fourteenth Amendments, violation of the Eighth Amendment, and that ICE

[3] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 29, 2026).

detained him without a warrant or a pre-detention hearing. Doc. 1, at 7-8. He seeks his immediate release. *Id.* at 8.

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III. The Court cannot encroach upon an IJ's discretionary weighing of the evidence.

In determining whether a noncitizen is a flight risk, the IJ may consider the following factors:

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness

> of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

The Court ordered the production of the IJ custody redetermination hearing. Docs. 9, 10, 11. Petitioner appeared with counsel, who presented several exhibits the IJ reviewed. Counsel argued Petitioner had a fixed address and no criminal record, and he had steady employment along with a U.S. citizen sponsor who lives one hour away. Doc. 12. Petitioner is married with a family in Uzbekistan, and he has not missed any court dates. *Id.* The Government noted that Petitioner has no U.S. citizen family or legal permanent resident family member who lives in the United States; and that he poses a flight risk because the grant of asylum relief was "speculative." *Id.* The IJ took time to review Petitioner's newly submitted evidence and expressed some concern as to flight risk. *Id.* He issued his written decision the same day, stating that Petitioner "did not establish not a flight risk." Doc. 7, Ex. 4, at 1.

When a noncitizen like Petitioner is detained under § 1226(a) "the Attorney General may exercise his discretion to either detain or release [a noncitizen] on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784,

786 (10th Cir. 2012). "But the Attorney General's exercise of discretion is not subject to judicial review." *Id.* at 787. "In the context of an immigration bond hearing, district courts have jurisdiction to review [an IJ's] discretionary bond denial only 'where that bond denial is challenged as legally erroneous or unconstitutional.'" *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar,* 362 F. Supp. 3d 762 (N.D. Cal. 2019)). "To be sure, '[d]ue process is not satisfied . . . by rubberstamp denials [of bond].'" *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026) (quoting *Chi Thon Ngo v. I.N.S.,* 192 F.3d 390, 398 (3d Cir. 1999)). But "a district court sitting in habeas . . . review[ing] due process challenges to immigration bond hearings must proceed carefully, as it 'has no authority to encroach upon an IJ's discretionary weighing of the evidence.'" *Diaz-Calderon,* 535 F. Supp. 3d at 676 (quoting *Arellano v. Sessions,* No. 18-CV-6625, 2019 WL 3387210, at *7 (W.D.N.Y. July 26, 2019)).

As noted, Petitioner has received a custody redetermination hearing. The IJ considered several of the *In re Guerra* factors, including Petitioner's family ties, employment history, the presence of a U.S. citizen sponsor, his appearance at court dates, and concluded that Petitioner posed a flight risk. Doc. 7, Ex. 4, at 1. The undersigned concludes the hearing comported with due process. Given the IJ's finding that Petitioner was a flight risk, the undersigned

recommends the Court deny Petitioner habeas relief as he has not been deprived of an individualized custody determination.

To the extent Petitioner challenges his arrest on the basis Respondents lacked a warrant, the undersigned agrees that ICE exceeded its warrantless-arrest authority under 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii) because officers lacked an individualized, pre-arrest basis to believe Petitioner was likely to escape before authorities obtained a warrant. Respondents filed a warrant dated June 22, 2026, three days after Petitioner's detention began. Doc. 7, Ex. 3. But the appropriate remedy here would be to grant a bond hearing, which Petitioner has already received. *Perdigon v. Gantt*, No. CIV-26-949-R, 2026 WL 2428826, at *2 (W.D. Okla. Aug. 19, 2026); *Ziiadullaev v. Lyons*, No. CIV-26-1237-D, 2026 WL 2827125, at *1 (W.D. Okla. Sept. 21, 2026).

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court deny Petitioner's habeas petition, Doc. 1, because he was not deprived of an individualized custody determination.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by November 20, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil

Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 30th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE